IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN TIMOTHY PRICE,

    **Plaintiff,**

    v.                        CASE NO. 25-3005-JWL

K. HANSHAW, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff, John Timothy Price, who is currently in custody at the Douglas County Jail in Lawrence, Kansas ("DCJ"), brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff names as Defendants K. Hanshaw and M. Evans. (Doc. 1, at 1–2.) Plaintiff claims that on October 26, 2024, Plaintiff was attacked by another DCJ inmate and Defendants "participated in [his] assault" by using two full cans of O.C. spray, allowing the assault to continue rather than immediately stopping it, and later showing video of the assault to other inmates. *Id.* at 2–3.

On January 7, 2025, the Court entered a Memorandum and Order (Doc. 2) ("M&O") denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court granted Plaintiff until February 10, 2025, to submit the $405.00 filing fee.

Plaintiff has not submitted the filing fee by the Court's deadline. Plaintiff has filed a notice (Doc. 3) and an Amended Complaint (Doc. 4). In his notice, Plaintiff indicates that he used the wrong date in his Complaint and the incident actually occurred around August 25, 2024, instead

1

of on October 26, 2024.  (Doc. 3, at 1.)  Plaintiff then submitted his Amended Complaint to reflect the August 25, 2024 date.  (Doc. 4, at 2.)

In the M&O, the Court found no showing of imminent danger.  "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  "Vague and utterly conclusory assertions are insufficient."  *Id*.  The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice."  *Id*. (citations omitted).   The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'"  *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).  "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'"  *Id*. (citation omitted).  Past harms are not sufficient, and Plaintiff's notice and Amended Complaint show that the incident occurred even further in the past—over four months prior to filing the Complaint.  Plaintiff's Amended Complaint does not show imminent danger.

The M&O provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice."  (Doc. 2, at 3.)  Plaintiff has failed to pay the filing fee by the deadline set forth in the M&O.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x

764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated February 12, 2025, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE